UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NUIQSUT TRILATERAL, INC.,          )
                                   )
          Plaintiff,               )
                                   )
     vs.                           )   CASE NO. 1:26-cv-00239-AHA
                                   )
DOUG BURGUM, et al.,               )
                                   )
          Defendants.              )
_____    )


TRANSCRIPT OF REMOTE PROCEEDINGS VIA TELECONFERENCE
STATUS CONFERENCE
**BEFORE THE HONORABLE AMIR H. ALI, DISTRICT JUDGE**
Wednesday - March 4, 2026
10:33 a.m. - 10:38 a.m.
Washington, DC


**FOR PLAINTIFF:**
     Arnold & Porter Kaye Scholer, LLP
     BY:  TRAVIS ANNATOYN, JOHN HOOVER, ALLISON RUMSEY,
          and PATRICK MUNSON
     601 Massachusetts Avenue, NW
     Washington, DC 20001

**FOR THE DEFENDANTS:**
     DOJ-ENRD
     BY:  PAUL A. TURCKE
     1290 West Myrtle Street, Suite 500
     Boise, Idaho 83702

_____
**SONJA L. REEVES**
**Registered Diplomate Reporter**
**Certified Realtime Reporter**
**Federal Official Court Reporter**
333 Constitution Avenue, NW
Washington, DC 20001
Transcript Produced from the Stenographic Record

(Call to Order of the Court at 10:33 a.m.)

DEPUTY CLERK:  Your Honor, this is Civil Action 26-239, *Nuiqsut Trilateral, Incorporated versus Doug Burgum, et al.*

Will parties on the audio conference line identify yourselves for the record this morning.  We'll start with plaintiff's counsel first.

MR. ANNATOYN:  Good morning, Your Honor.  This is Travis Annatoyn for Plaintiff Nuiqsut Trilateral, and with me on the call are Patrick Munson, Allison Rumsey and Jack Hoover.

THE COURT:  Good morning to all of you.

MR. TURCKE:  Your Honor, this is Paul Turcke again for federal defendants.

THE COURT:  All right.  Good morning, Mr. Turcke.

Okay.  We are here on a status conference.  I am actually going to deliver an oral ruling on the pending motion to transfer.  I'll do that in a moment.

Let me just say at the outset that I found the advocacy of counsel in this case to be very strong.  That includes on both sides, through the written advocacy.  It's also true of arguing counsel in the last hearing.  So, Mr. Annatoyn, I thought your arguments were cogent.  I imagine you have a team behind you that deserves credit as well. Mr. Turcke, same goes for you, although I'm not sure whether you have any team behind you based on the docket.  Kudos to

counsel for their clear and candid submissions.  I think your clients should be very satisfied.

I'm sure you have all seen my opinion two days ago in the *Grandmothers* case transferring it to the District of Alaska.  For the purposes of the record, I'll say that's *Grandmothers Growing Goodness v. Burgum,* 26-cv-00513, and the transfer order is at ECF No. 28 of that docket dated March 2, 2026.

As I indicated in that opinion, I did not issue the decision in that case and this case simultaneously, because I wanted to consider transfer of this case independently and on its own terms.

I am mindful that there are differences between the two cases, but I have concluded that this case will be transferred to the District of Alaska as well.  I'm delivering this ruling orally in part out of recognition that the plaintiff, NTI, has a preliminary injunction motion pending and does have an interest in being able to proceed expeditiously in the District of Alaska to seek relief.

The reasons for transfer sound in the same concerns articulated in my opinion and in Judge Cobb's thoughtful opinion in *AIDEA*, 2024 WL 756602.  That includes the interest in having local controversies decided at home, the transferee's court's familiarity with the issues, and the related cases that are currently pending in Alaska.

NTI is based in Alaska, and, like *Grandmothers*, emphasized local issues in its complaint.  And although the District of Alaska has not specifically addressed a case dealing with the specific right-of-way cancellation decision that's at issue here, that district has dealt with and is dealing with considerable litigation related to the same reserve.

NTI's complaint cited some of that litigation and acknowledged, candidly, at our last hearing, that the relief sought could have downstream effects that could overlap with the relief sought in some of those cases.

The Court understands that NTI would prefer to be here in DC, but I find that choice is entitled to less deference where NTI itself is based in Alaska and the case is about a right-of-way in Alaska.

Overall, based on the considerations the Court has to take into account, I conclude this case should be in Alaska. I'll accordingly order the clerk to transfer the case to the District of Alaska forthwith.  I'm told that's the magic word that will have this transferred quickly and allow parties to proceed without delay in the District of Alaska.

The Court accordingly grants defendants' motion to transfer, and I'll enter the order on the docket after we get off this phone call allowing the parties to move forward in Alaska where all further proceedings in this case will take

place.

In light of that, I don't have any further questions for the parties, and anything else can take place in Alaska, but I do want to say that I appreciate the submissions of the parties, which were, again, clear, cogent and candid with the Court.  And wish you all a good week and best of luck in the case.  We may adjourn.

(Proceedings concluded at 10:38 a.m.)

CERTIFICATE

I, Sonja L. Reeves, Federal Official Court Reporter in and for the United States District Court of the District of Columbia, do hereby certify that the foregoing transcript is a true and accurate transcript from the original stenographic record in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 4th day of March, 2026.


/s/ Sonja L. Reeves
SONJA L. REEVES, RDR-CRR
FEDERAL OFFICIAL COURT REPORTER